IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ULRICA BALLARD, <u>et al.</u>          :
                                       :
v.                                     :   Civil Action WMN-05-2150
                                       :
NORCOLD, INC., <u>et al.</u>           :
                                       :
                                       :
                                       :

**MEMORANDUM**

Before the Court is a motion to exclude the testimony of Keith Wolf by Defendants Norcold, Inc. and Scott Motor Home Sales, Inc.  Paper No. 25.  Plaintiffs Michael and Ulrica Ballard have opposed the motion.  Upon a review of the pleadings and applicable case law, this Court determines that no hearing is necessary (Local Rule 105.6) and that Defendants' motion will be denied.

Under Federal Rule of Civil Procedure 37(c)(1), "[a] party that without substantial justification fails to disclose information required . . . is not, unless such failure is harmless, permitted to use as evidence at a trial . . . any witness or information not so disclosed."  "Harmlessness may be proved by a showing that a witness was disclosed during discovery."  <u>Stolarczyk v. Senator Int'l Freight Forwarding</u>, 376 F. Supp. 2d 834, 843 (D. Ill. 2005).

Defendants argue that the Mr. Wolf's testimony should be excluded because Plaintiffs designated him as an expert two

months after the deadline imposed by the Court's Order to designate experts had passed. Mem. ¶ 6. Defendants further contend that they "will be unfairly prejudiced if Mr. Wolf is permitted to testify, given that plaintiffs' intention to call him as an expert witness, and the subject upon which plaintiffs seek to have him testify, were not disclosed until after defendants' deadline to designate experts passed." Mem. ¶ 6.

On November 7, 2005, Plaintiffs served on Defendants their Rule 26(a)(2) expert disclosure, which disclosed five medical experts, Mr. Wolf was not a listed expert. On January 4, 2006, Plaintiffs disclosed Mr. Wolf as an expert witness on the issue of liability through their Answers to Interrogatories. Plaintiffs explain that prior to this point in time they had not agreed upon which expert they would use to address the issue of liability. Opp'n ¶ 9. The discovery deadline is May 1, 2006, and the trial date has not yet been set. From the time of disclosure to the end of discovery, Defendants will have had four months to depose Mr. Wolf, which eliminates the alleged prejudice caused by the late disclosure. As such, the motion will be denied.

                                                        _____/s/_____
                                                       William M. Nickerson
                                                       Senior United States District Judge

Dated: April 6, 2006.